```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

WALTER MCGHEE, II,              )
                                )
     Plaintiff,                 )
                                )
v.                              )   No. 18-2404-JPM-tmp
                                )
CITY OF MEMPHIS                 )
and                             )
SHELBY COUNTY,                  )
                                )
     Defendants.                )
_____

                   REPORT AND RECOMMENDATION
_____
```

On June 13, 2018, plaintiff Walter McGhee, II, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  The undersigned granted the motion to proceed *in forma pauperis*, and ordered the U.S. Marshal to effect service of process on defendant City of Memphis.  (ECF No. 6.)  For the following reasons, the undersigned recommends that defendant Shelby County be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   PROPOSED FINDINGS OF FACT**

Although McGhee's complaint is titled "Negligence Complaint," it appears that he is asserting a violation under 42 U.S.C. § 1983. (ECF No. 1 at 1.) McGhee alleges that on May 27, 2017, false charges against him were dropped in state court. (Id.) McGhee alleges that he was "arrested without probable cause or physical evidence" and that "the Memphis Police were negligent because they failed to gather evidence to support any lawful arrest." (Id.) As a result, McGhee asserts that the City of Memphis and its police officers "failed to tag evidence into Shelby Count [sic] jail." (Id.) McGhee also asserts that Shelby County is "negligent because it failed to issue subpoenas to arresting officers to ensure a fair trial as guaranteed under equal protection clause and the United States [sic]. Shelby County knew or should have known if there was any evidence tagged against me. My charges should have been dropped during my first appearance in court." (Id. at 2.)

## II.  PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege that a defendant acting under color of state law deprived him of a right secured by the "Constitution and laws" of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). When a § 1983 claim is made against a municipality, a court must analyze: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell v. Dep't of Soc. Servs. Of the City of New York, 436 U.S. 658, 691–92 (1978); Baynes v. Cleland, 799 F.3d 600, 621 (6th Cir. 2015). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). Furthermore, the policy or custom must be "'the moving force' behind the deprivation of plaintiff's constitutional rights. Brown v. Battle Creek Police Dep't, 844 F.3d 556, 573 (6th Cir. 2016). "Although civil rights plaintiffs are not

required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability[.]" Jones v. City of Memphis, No. 2:14-cv-02295-JDT-tmp, 2015 WL 1542205, at *4 (W.D. Tenn. Apr. 6, 2015) (collecting cases); see also Wittstock v. Mark a Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003) ("To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.").

The undersigned submits that even when construed liberally, McGhee's complaint does not allege – either explicitly or implicitly - that Shelby County acted pursuant to a municipal policy or custom in causing him a deprivation of a constitutional right.  Rather, the complaint appears to allege that Shelby County should be held liable under § 1983 based on the Memphis Police Department's alleged unconstitutional conduct.  But McGhee does not allege any custom or policy of Shelby County that was the "moving force" behind his alleged constitutional deprivation.  Consequently, the complaint fails to establish a plausible basis for liability against Shelby County.

To the extent that McGhee intends to assert a negligence claim against Shelby County, Shelby County would be immune as a matter of law under the Tennessee Governmental Tort Liability Act where such claim is based on the same circumstances as the alleged civil rights violation. See Tenn. Code Ann. § 29-20-205(2); Johnson v. City of Memphis, 617 F.3d 864, 871-72 (6th Cir. 2010); see also Thomas v. Fayette Cty, No. 16-2801-JTF-dkv, 2016 WL 11249102, at *12 (W.D. Tenn. Dec. 19, 2016) ("Under the TGTLA, governmental entities are immune from suit for . . . civil rights violations."); Holzemer v. City of Memphis, No. 06-2436, 2011 WL 13269116, at *6 (W.D. Tenn. May 9, 2011) ("Although Plaintiffs' negligence claims are based on theories of negligent training and supervision, they arise from the same circumstances as the civil rights claims, and the civil rights exception applies."). Dismissal would therefore be appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that any claim under 42 U.S.C. § 1983 be dismissed against Shelby County for failure to state a claim.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 21, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**