IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WALTER McGHEE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-cv-2404-JPM-tmp |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, and | ) |
| SHELBY COUNTY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING DEFENDANT SHELBY COUNTY**

Before the Court is the Report and Recommendation entered by the Magistrate Judge on June 21, 2018. (ECF No. 7.) The Magistrate Judge recommends that the Court find that Plaintiff Walter McGhee has failed to state a claim against Shelby County. Upon clear error review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Court finds that McGhee has failed to state a claim against Shelby County. Shelby County is DISMISSED from this action.

**I.  Background**

McGhee filed his complaint on June 13, 2018. (ECF No. 1.) He alleges that the he was "arrested without probable cause or physical evidence" but that all charges were dropped on May 27, 2017. (Id. at 1.)[1] McGhee claims that Defendant City of Memphis ("the City")

---
[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

negligently failed to catalogue evidence against him. (Id. at 1-2.) Plaintiff argues that if the City managed its evidence properly, or if Defendant Shelby County ("the County") had subpoenaed the arresting officers, then the charges against him would have been dismissed earlier at his first appearance. (Id. at 2.)

The Magistrate Judge entered his Report and Recommendation on June 21, 2018. (ECF No. 7.) The Magistrate Judge construed the complaint liberally as requesting relief for a civil rights violation under 42 U.S.C. § 1983. (ECF No. 7 at 13.) The fourteen-day window for objections pursuant to 28 U.S.C. § 636(b)(1) closed on July 5, 2018. Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation.

**II.     Legal Standard**

   a. **Clear Error Review**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

   b. **Failure to State a Claim**

Complaints filed in forma pauperis must be dismissed if they: (i) are frivolous or malicious; (ii) fail to state a claim on which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To dismiss for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court should apply the case law for failure to state a claim under Federal Rule of Civil Procedure 12. Hill v. Lappin,

630 F.3d 468, 470–71 (6th Cir. 2010). The Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### c. Claims under 42 U.S.C. § 1983

Municipalities are not liable for violations of civil rights under 42 U.S.C. § 1983 unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal violations." Baynes v. Cleland, 799 F.3d 600, 621 (6th Cir. 2015). "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's constitutional rights." Brown v. Battle Creek Police Dep't, 844 F.3d 556, 573 (6th Cir. 2016).

### III.  Analysis

The Magistrate Judge concluded that "even when construed liberally, McGee's complaint does not allege – either explicitly or implicitly – that Shelby County acted pursuant to a municipal policy or custom." (ECF No. 7 at 16.)  The Complaint claims that "Shelby County is negligent because it failed to issue subpoenas to arresting officers to ensure a fair trial as guaranteed under the equal protection clause [of] the United States.  Shelby County knew or should have if there was any evidence tagged against me." (ECF No. 1 at 2.)  No other allegations are made against the County specifically.  (See generally ECF No. 1.)  These two sentences fail to allege a pattern or policy by the County and are therefore insufficient to state a 42 U.S.C. § 1983 claim.

To the extent that McGhee meant to bring a negligence claim, the Magistrate Judge recommends that the County be dismissed because it has sovereign immunity.  See 28 U.S.C. § 1915(e)(2)(B)(iii).  (ECF No 7 at 6.)  Where a claim for negligence against a government entity arises out of the same circumstances giving rise to a civil rights claim under 42 U.S.C. § 1983, the government retains its immunity.  Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010); Tenn. Code Ann. § 29-20-201, § 29-20-205(2).  Any negligence claim against the County in this case would essentially be a civil rights claim, and the County therefore is immune to a claim for negligence.

## IV.     Conclusion

Upon a clear error review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge.  All claims against Defendant Shelby County in Plaintiff's Complaint are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this 17th day of October, 2018.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
