IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| WALTER MCGHEE, II, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 18-cv-2404-JDT-tmp |
| | ) |
| CITY OF MEMPHIS, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is a Motion to Dismiss filed by defendant City of Memphis pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 13, 2019.[1] (ECF No. 26.) Plaintiff Walter McGhee, II, proceeding *pro se*, filed a response on September 23, 2019. (ECF No. 29.) For the following reasons, the undersigned recommends that the motion be granted.

    I.    PROPOSED FINDINGS OF FACT

McGhee filed a complaint and motion to proceed *in forma pauperis* on June 13, 2018. (ECF Nos. 1; 2.) The court granted the motion to proceed *in forma pauperis* and ordered that process be

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

issued and served on the City.[2] (ECF No. 6.) The docket reflects that the City was served on August 27, 2018. (ECF No. 9.) Because the City did not file an answer or otherwise appear, the court entered an order to show cause on January 30, 2019, directing the City to file an answer or responsive pleading within 21 days, and directing the Clerk of Court to mail that Order to the City Attorney. (ECF No. 12.) The docket reflects that a certified mail receipt was returned on February 4, 2019. However, the City took no action. The court thereafter set a status conference for April 30, 2019. (ECF No. 13.) Prior to the conference, McGhee filed a motion pursuant to Federal Rule of Civil Procedure 55, requesting "the Clerk to enter Default and Default Judgment against defendant, City of Memphis." (ECF No. 14 at 1.) He also sought a judgment of $75,000.00, costs, and reasonable attorney's fees. (ECF No. 14-1 at 1-2.) The City then filed an answer to the complaint, appeared at the status conference, and pursuant to this court's direction, responded to McGhee's filing. (ECF Nos. 18; 19; 20.) Based on the City's response, this court recommended that McGhee's Rule 55 motion be denied. (ECF No. 21.) Neither party filed objections,

---

[2]McGhee initially brought claims against Shelby County and the City of Memphis. (ECF No. 1.) The undersigned issued a Report and Recommendation (R&R) recommending dismissal of the claims against Shelby County. (ECF No. 7.) Because no objections were filed, the then-presiding district judge adopted the R&R to dismiss on October 17, 2018. (ECF No. 10.) This matter was reassigned to Senior District Judge James D. Todd on November 21, 2018. (ECF No. 11.)

and the district judge entered an order adopting the R&R and denying the motion for entry of default and for a default judgment. (ECF No. 22.) The City now moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.)

Although McGhee's complaint is titled "Negligence Complaint," it appears that he is asserting a violation under 42 U.S.C. § 1983. (ECF No. 1 at 1.) McGhee alleges that on May 27, 2017, false charges against him were dismissed in state court. (Id.) McGhee alleges that he was "arrested without probable cause or physical evidence" and that the "City of Memphis failed to properly train police officers in collecting evidence to ensure an arrest with probable cause." (Id.) McGhee asserts that the "City and police were negligent because they failed to tag evidence into Shelby [County] jail." (Id.) According to McGhee, "[t]he City and police knew or should have known that evidence is important in making a lawful arrest." (Id. at 1-2.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard

In order to avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Allen v. Alexsander, No. 19-1315, 2019 WL 4667707, at *2 (6th Cir. Sept. 12, 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible

on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Thomas, No. 1:16-cv-01330-JDB-cgc, 2019 WL 1905166, at *1 (W.D. Tenn. Apr. 29, 2019); Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   § 1983 Claim**

McGhee first asserts a § 1983 claim against the City. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege two elements: (1) a depravation of rights secured by the 'Constitution and laws' of the United States (2) committed by a defendant acting under the color of state law." Wilborn v. Shelby Cty. Sheriff's Dep't, No. 19-2301-JDT-CGC, 2019 WL 4394760, at *2 (W.D. Tenn.

Sept. 12, 2019) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). When a § 1983 claim is made against a municipality, a court must analyze: "(1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation." Bumpus v. Dyersburg, Tennessee, No. 18-1246-JDT-CGC, 2019 WL 4279032, at *3 (W.D. Tenn. Sept. 10, 2019) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992)). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691–92 (1978); Baynes v. Cleland, 799 F.3d 600, 621 (6th Cir. 2015). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citations omitted). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Jackson v. City of Cleveland, 925 F.3d 793, 829 (6th Cir. 2019) (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987)). Furthermore, the policy or custom must be "'the moving force' behind the deprivation of plaintiff's constitutional

rights." Brown v. Battle Creek Police Dep't, 844 F.3d 556, 573 (6th Cir. 2016). "Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability[.]" Jones v. City of Memphis, No. 2:14-cv-02295-JDT-tmp, 2015 WL 1542205, at *12 (W.D. Tenn. Apr. 6, 2015) (collecting cases); see also Wittstock v. Mark a Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003) ("To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.").

In this case, the complaint appears to assert that the City is liable under § 1983 based on the Memphis Police Department's alleged unconstitutional conduct. Specifically, McGhee alleges that police officers arrested him without probable cause. McGhee now seeks to hold the City liable for failing to properly train the police officers. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick, 563 U.S. at 61. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim

turns on a failure to train." Id. (citing Oklahoma City v. Tuttle, 471 U.S. 808, 822-23 (1985)). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.'" Id. (quoting Canton, 489 U.S. at 389). The "stringent" standard of deliberate indifference "requir[es] proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quoting Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997)). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." Id. (citing Bryan Cty., 520 U.S. at 407). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 62 (quoting Bryan Cty., 520 U.S. at 409).

McGhee has not provided factual allegations sufficient to meet the "stringent" standard of deliberate indifference. See id. at 61. The complaint contains no specific factual allegations

regarding deficiencies in the training regimen implemented by the City. Moreover, the complaint does not allege that the City had notice of any training deficiencies. See id. at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). Similarly, the complaint provides no reference to any "pattern of similar constitutional violations." See id. The complaint details only a single isolated incident of an alleged unconstitutional deprivation. The conclusory allegation that the City failed to train the police officers is insufficient on its own to state a claim under § 1983. Consequently, the complaint fails to establish a plausible basis for liability against the City under § 1983.

**C.   Supplemental Jurisdiction**

McGhee attempts to assert several state law claims in his complaint. However, the complaint provides no basis for federal jurisdiction apart from the § 1983 claim against the City. Because the complaint fails to state a claim under § 1983, the court should decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); Matthews v. City of

Collierville, No. 13-2703-JDT-tmp, 2014 WL 69127, at *7 (W.D. Tenn. Jan. 8, 2014). Accordingly, it is recommended that all state law claims be dismissed without prejudice.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 3, 2019
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**